UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON TYRONE PALMER,

    Plaintiff,

v.

CROSSCOUNTRY MORTGAGE,

    Defendant.

Case No. 24-cv-13457

Honorable Robert J. White

## ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT

Before the Court is *pro se* Plaintiff Brandon Tyrone Palmer's application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court

therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Here, Plaintiff alleges that Defendant Crosscountry Mortgage, by denying his mortgage application for credit, (1) discriminated against him, (2) engaged in "financial exploitation" and/or securities fraud, and (3) refused to carry out its

2

fiduciary duties. (ECF No. 1, PageID.8-9). Plaintiff's only authority to support his claims is 15 U.S.C. § 1602 and a general reference to Michigan's Uniform Securities Act (MUSA), Mich. Comp. Laws § 451.2101, *et seq.* (ECF No. 1, PageID.4-5, 8-9). But 15 U.S.C. § 1602 is merely a definitional statute that in relevant part defines "credit" as "the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment." 15 U.S.C. § 1602(f). Because 15 U.S.C. § 1602 does not provide any legal claim or right to recovery regarding the denial of credit, it cannot support Plaintiff's claims.

Further, although MUSA allows the purchaser of securities to maintain an action for fraud against a seller, *see* Mich. Comp. Laws §451.2509, Plaintiff does not allege that this case involves any purchase of a security. Indeed, the allegations and documents attached to Plaintiff's complaint show that Defendant denied Plaintiff's request for credit at the prequalification stage. (ECF No. 1, PageID.17-18, 26-28). There was therefore never any effectuated loan, let alone any securitized mortgage subject to MUSA or any similar federal law. *See Caldrello v. Wells Fargo Bank, N.A.*, No. 2024 U.S. Dist. LEXIS 181653, *9-11 (the plaintiff, a mortgagor in foreclosure, failed to plead a federal claim of securities fraud because "she does not allege that she purchased the note-become-mortgage-backed-security or any other security").

3

Nor has Plaintiff pled sufficient facts to support any claim of fraud. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances constituting fraud[.]"). Plaintiff similarly fails to allege any facts explaining how Defendant's denial was discriminatory, and he does not even claim to belong to any protected class. And he does not allege any facts showing how Defendant breached any fiduciary duty, or even that the parties were ever engaged in any fiduciary relationship.

\* \* \*

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: January 8, 2025         s/Robert J. White
                               Robert J. White
                               United States District Judge